UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANK L. SPATES,

        Plaintiff,

v.

JARED SPARKS,

        Defendant.

Case No. 23-CV-1597-JPS

**ORDER**

      Plaintiff Frank L. Spates ("Plaintiff"), who is currently incarcerated at Oshkosh Correctional Institution ("OCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Jared Sparks ("Sparks" or "Defendant") violated his constitutional rights. ECF No. 1. On March 8, 2024, the Court screened Plaintiff's complaint and allowed Plaintiff to proceed on the following claim: Eighth Amendment claim against Sparks for his deliberate indifference to Plaintiff's serious medical need. ECF No. 11 at 6.

      On April 22, 2024, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim. ECF No. 16. On June 4, 2024, Plaintiff filed a motion for an extension of time, ECF No. 20, along with a brief in opposition, ECF No. 21. On June 17, 2024, Defendant filed a reply. ECF No. 22. The motion for summary judgment is now fully briefed and ready for disposition. The Court will grant Plaintiff's motion for an extension of time and has considered his opposition materials. For the reasons explained below, the Court will grant Defendant's motion for summary judgment

based on the failure to exhaust administrative remedies and will dismiss this case without prejudice.

1. **STANDARD OF REVIEW**

    1.1 **Summary Judgment**

    Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2 **Exhaustion of Prisoner Administrative Remedies**

    The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers

several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id.* § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC

310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Defendant's motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as to the Eighth Amendment claim. The Court accordingly finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

Plaintiff brings this action against Defendant Sparks for refusing to get him medical attention. ECF No. 1 at 2. Plaintiff came out of his cell and was throwing up mucus and blood in a garbage can. *Id.* Plaintiff was told

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

(presumably by Defendant Sparks) to go back into his cell. *Id.* Plaintiff came out of his cell again having chest pains and felt ill. *Id.* Plaintiff was refused medical attention and was again told to return to his cell. *Id.* Plaintiff went to HSU later that day and they kept him in short-term care. *Id.*

## 2.2. Exhaustion Facts

Plaintiff provided no response to Defendant's proposed facts. As such, the Court adopts Defendant's proposed findings of fact ("DPFF"), ECF No. 18, as undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2).[2] Thus, the following facts are taken directly from DPFF with only minor edits for grammar and formatting.

Plaintiff Frank L. Spates is an inmate in the custody of the Wisconsin Department of Corrections ("DOC") and was and is housed at OCI at all times relevant to this complaint. Plaintiff was allowed to proceed on an Eighth Amendment claim that staff were deliberately indifferent to his medical needs as stated in his inmate complaint OSCI-2023-11531. Defendant Sparks is employed by DOC as a Correctional Sergeant at OCI.

### 2.2.1 Institution Complaints

Plaintiff filed two inmate complaints potentially related to the claims in this lawsuit: OSCI-2023-11531 and OSCI-2023-12755.[3] Plaintiff filed inmate complaint OSCI-2023-11531, which was received by the ICE on

---

[2] The Court notes that Plaintiff's opposition brief indicates that he takes issue with DPFF 16, dealing with the CCE's contention that it generally does not return appeals to inmates for revision. *See* ECF No. 21 at 1–2. Plaintiff does not, however, provide any factual basis for his disagreement with Defendant's assertion.

[3] Defendant clarifies in his brief that OSCI-2023-12755 was about an incident that occurred on July 24, 2023, and is not about the claim at issue in this lawsuit. ECF No. 17 at 3 n.1.

August 3, 2023. In OSCI-2023-11531, Plaintiff complained that Defendant did not call in a medical emergency for him on July 26, 2023. The ICE recommended dismissal of OSCI-2023-11531 on August 31, 2023, as the issue of the complaint was reduced to Mr. Spates' version of events against Defendant. The ICE referred the complaint to DOC Program Supervisor Sabel for follow up as deemed appropriate. OSCI-2023-11531 was dismissed at the institution level on September 4, 2023. Plaintiff filed an appeal of this complaint to the CCE Office, which was received on September 21, 2023.

Plaintiff also filed inmate complaint OSCI-2023-12755, which was received by the ICE on August 28, 2023. In OSCI-2023-12755, Plaintiff complained that he received inadequate medical treatment for ongoing conditions. The ICE recommended dismissal of OSCI-2023-12755, as upon review of the record the ICE believed "Mr. Spates was not satisfied with the care received to date…. [but] that Mr. Spates['] concerns were being addressed… and there is no proof or evidence that the treatment offered is not adequate to the demonstrated need."

OSCI-2023-12755 was dismissed at the institution level on October 10, 2023. Plaintiff filed an appeal of this complaint to the CCE Office which was received on October 26, 2023.

### 2.2.2 Complaint Appeals

Plaintiff's two appeals were five and three pages long, respectively. Therefore, Brad Hompe and Emily Davidson recommended to reject these appeals since they were not filed in accordance with the Code. The Office of the Secretary accepted the rejection of these appeals and dismissed them on October 26, 2023 and November 14, 2023, respectively.

Brad Hompe and Emily Davidson process more than 4000 appeals per year. There are rules put in place for limiting the length of an appeal so that they can efficiently process them in a reasonable timeframe. Limiting the length of an appeal also helps to keep the complaint clear, so that they know exactly the issue that is being appealed. The CCE Office generally does not return an appeal to an inmate telling them to revise their appeal if it is too long or for otherwise not following the rules, because the directions are outlined in several places: the DOC-405 "Inmate Complaint Appeal" form, the back of the DOC-400B "Inmate Complaint/Appeal Continued" form, and in Wis. Admin. Code Chapter DOC 310. These resources are available to all inmates in the institutions.

Due to the rejection of Plaintiff's appeals, the substantive issue in OSCI-2023-11531 and OSCI-2023-11755 were never considered by the CCE or Office of the Secretary.

### 3. ANALYSIS

Defendant requests summary judgment because Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim at issue in this case. ECF No. 17 at 3. One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995.

As identified above, appealing a dismissed complaint to the CCE is a necessary step to complete exhaustion. Wisconsin regulations provide that an appeal shall not exceed 500 words total and not exceed two pages.

Wis. Stat. § DOC 310.09(2)(e). The regulations further provide that the CCE may recommend rejection of an appeal not filed in accordance with Wis. Admin. Code § DOC 310.09. Wis. Admin. Code § DOC 310.12(5). An inmate complaint that is "rejected" based on a procedural defect, such as untimely filing, does not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *see also Webb v. Bender*, 717 Fed. Appx 642, 644 (7th Cir. 2018). This is true because "the benefits of exhaustion" can be realized only if the prison grievance system is given a fair opportunity to consider the grievance on the merits. *Woodford,* 548 U.S. at 81. If noncompliance with the procedural rules "carries no significant sanction," a prisoner who does not want to participate in the prison grievance system "will have little incentive to comply with the system's procedural rules." *Id.*

Here, the undisputed facts show that Plaintiff failed to exhaust his administrative remedies for the Eighth Amendment claim at issue in this case because he did not strictly comply with the appeal procedural requirements. It is undisputed that Plaintiff filed a grievance, OSCI-2023-1153, in relation to the claim at issue in in this case. However, the failure to properly complete each step in the appeal process constitutes the failure to exhaust administrative remedies.[4] *See Pozo,* 286 F.3d at 1025. Plaintiff's appeal was clearly rejected for procedural issues and not addressed on the merits at the appellate level. In rejecting the appeal, the CCE wrote:

> From DOC 310.09(2), "Appeals shall meet all of the following requirements: (e) Not exceed 500 words total and not exceed

---

[4]The Court does not address OSCI-2023-12755 because Defendants provide it is about an incident that occurred on July 24, 2023, and is not about the claim at issue in this lawsuit. ECF No. 17 n.1. It does not appear that Plaintiff disputes this contention. In any event, the analysis would be the same for this inmate complaint because they were both dismissed at the appeal level for being too long. *See* DPFF 15.

> two pages." The complaint appeal does not meet this requirement. Rejection is warranted. The CCE may recommend rejection of an appeal not filed in accordance with s. DOC 310.09

ECF No. 19-3 at 14.

Plaintiff argues that regulations are confusing and that he believed the CCE would return an appeal to him to try again if it failed to comply with the procedural requirements. ECF No. 21 at 2. Plaintiff relies on § DOC 310.12(4), which provides:

> The CCE shall return an appeal if any of the following apply:
>
> > (a) An original complaint has not been filed except as provided under s. DOC 310.08.
> >
> > (b) The complaint has been rejected.
> >
> > (c) The appeal is premature.
> >
> > (d) The appeal does not list the complaint file number or contains more than one complaint file number.
> >
> > (e) The appeal does not meet the criteria listed under s. DOC 310.10.

Wis. Admin. Code § DOC 310.12(4). Plaintiff's argument, however, is unavailing because his appeal did not fit any of these criteria for the appeal to be returned. Instead, the appeal was rejected under § DOC 310.12(5) because it was more than two pages and therefore not in compliance with § DOC 310.09(2)(e).

Nothing in the regulations provides that rejected appeals are returned to inmates for a second try if they fail to comply with the basic requirements. This appears reasonable in light of the large number of appeals processed; Defendants provide that CCEs Brad Hompe and Emily Davidson process more than 4000 appeals per year and that these rules are put in place to limit the length of an appeal so that they can efficiently

process them in a reasonable timeframe. Defendants further provide, and Plaintiff does not genuinely dispute, that the CCE Office generally does not return an appeal to an inmate telling them to revise their appeal if it is too long or for otherwise not following the rules. Defendants provide this is because the directions are outlined in several places: the DOC-405 "Inmate Complaint Appeal" form, the back of the DOC-400B "Inmate Complaint/Appeal Continued" form, and in Wis. Admin. Code Chapter DOC 310. These resources are available to all inmates in the institutions.

Plaintiff failed to comply with the simple page-limit requirement for his appeal. The undisputed facts show that Plaintiff's inmate complaint appeal was therefore rejected for procedural reasons and was never addressed on the merits at the appellate level. Plaintiff's failure to properly complete each step in the appeal process constitutes the failure to exhaust administrative remedies. *See Pozo,* 286 F.3d at 1025. As such, the Court finds that Plaintiff failed to provide prison officials the opportunity to address his concerns internally on the merits prior to filing this case and therefore failed to exhaust his administrative remedies. The Court is therefore obliged to grant Defendant's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. The Court will accordingly dismiss this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (finding all exhaustion dismissals should be without prejudice).

4.   **CONCLUSION**

For the reasons explained above, the Court will grant Defendant's motion for summary judgment. Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment deliberate

indifference claim against Sparks and the Court accordingly dismisses this case without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time, ECF No. 20, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment based on the exhaustion of administrative remedies, ECF No. 16, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.